Judge Richard A. Jones

10-CR-00222-RCPT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CRAIG CARR,<br><br>　　　　　　　　Defendant. | No. CR10-222RAJ<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Matthew D. Diggs, Assistant United States Attorney for said District, Defendant, CRAIG CARR, and his attorney, Jeffrey Grant, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

**1.   Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

**2.   The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information, that is Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(c)(1). By entering this plea of guilty, Defendant hereby

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

waives all objections in the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of Exploitation of a Child, as charged in Count One of the Information, in violation of Title 18, United States Code, Sections 2251(c)(1), (c)(2)(A), are as follows:

First, at the time of the offense, Child Victim C was under the age of eighteen years;

Second, the Defendant employed, used, induced or persuaded Child Victim C to take part in sexually explicit conduct outside the United States, for the purpose of producing a visual depiction of such conduct;

Third, the Defendant intended such visual depiction to be transported to the United States, by any means.

4. **The Penalties.** Defendant understands that the statutory penalties for the offense of Sexual Exploitation of a Child, pursuant to 18 U.S.C. § 2251(c)(1), (c)(2)(A) as charged in Count One are as follows:

a. <u>Count One (Sexual Exploitation of a Child)</u>: Imprisonment for up to thirty (30) years, with a mandatory minimum term of imprisonment of fifteen (15) years, a fine of up to two hundred and fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of between five (5) years and life, and a penalty assessment of one hundred and no/100 dollars ($100.00). The Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

originally imposed. This could result in the defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victims of the offense, as required by law, including mandatory restitution as required pursuant to Title 18, United States Code, Section 2259.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of his peers;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e.    The right to confront and cross-examine witnesses against Defendant at trial;

    f.    The right to compel or subpoena witnesses to appear on his behalf at trial;

    g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.    The right to appeal a finding of guilt or any pretrial rulings.

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

In October 2009, the defendant, Craig Carr, visited an internet website called World Sex Archives to search for information related to Cambodian sex tourism. Carr emailed one of the contacts listed on the website. An individual, S.M., responded to Carr's email and informed him that he could facilitate Carr's desired sexual experiences in Cambodia. S.M. and Carr exchanged emails during the next two months, in which they discussed the logistics and fees involved in procuring minor females for sexual activity in Cambodia. In emails to S.M., Carr expressed his desire to have sex with juvenile females, preferably around twelve (12) years of age and sexually inexperienced. Carr agreed to pay approximately $8,000 USD for eight days of sexual activity with three separate minor females. On one occasion, Carr emailed images of minors engaged in sexually explicit conduct to S.M.

Prior to traveling to Cambodia, Carr asked S.M. whether he could take photographs and videos of the minor females' naked bodies. Carr further wrote to S.M. that, prior to departing Cambodia, he intended to mail his digital memory card with the sexually explicit digital images of the minors from Cambodia to his home in the United States. Carr asked S.M. to locate a FedEx store in Phnom Penh, Cambodia from which Carr could send the memory card to the United States.

Craig Carr traveled from Seattle, Washington to Phnom Penh, Cambodia on January 13, 2010, arriving on January 14, 2010. Over the course of the next eight nights Carr engaged in sexual activity with three minor females (hereafter "Child Victim A, B, and C") at a brothel in Phnom Penh, Cambodia. Carr engaged in vaginal intercourse and other sexual acts with one of the three Child Victims, multiple times each night, over the course of the eight days. Carr later stated that he spent three nights, each, with Child Victims A and B, and two nights with Child Victim C. While alone with each Child Victim at the brothel, Carr provided inexpensive gifts and additional money to induce the Child Victims to allow him to take naked pictures of each of them.

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Carr was arrested in the Flamingo Hotel in Phnom Penh, Cambodia on January 22, 2010. That same day Carr was interviewed by the Cambodian National Police (CNP) and by United States Immigration and Customs Enforcement (ICE), Senior Special Agent (SSA) Chris Matarelli. During the interviews, Carr admitted to engaging in sexual acts with the three Child Victims at a local brothel and to paying each Child Victim additional money to photograph her naked. Carr stated that he believed all of the Child Victims were approximately 11-12 years old because that is what S.M. had promised him, and the girls appeared to be about that age. Carr also stated that the photographs of the Child Victims were for his personal use and that he never intended to distribute them on the Internet.

A camera was seized from Carr by CNP at the time of his arrest. The camera was searched by CNP and found to contain approximately 40 images of Child Victim A, B, and C, engaging in sexually explicit conduct.

One of the digital images recovered from Carr's camera is described as follows:

> IMG_2004.JPG: This color image depicts what appears to be a nude pubescent Asian female, known as Child Victim C, who is visible from her upper thighs to her head. Child Victim C is lying on a bed with a wooden headboard and a red bedspread. Child Victim C has her arms out with her hands above her shoulders and her legs spread apart fully exposing her genital area. The perspective of the image is that of the camera level with the genital area of Child Victim C looking up towards Child Victim C's head. Child Victim C has some pubic hair and slight breast development.

Only two of these minor victims, Child Victim A and Child Victim C, have subsequently been located by authorities. Both were interviewed on February 20, 2010, and stated that they had engaged in sexual activity with Carr on multiple nights, and that he had paid them additional money (between $20-$40 USD per night) to photograph them naked. Both Child Victims stated during the interview that they were sixteen years old, and that they were born in the year of the pig (which is January 31, 1995-February 18, 1996). However, if the victims had been born in the year of the pig, they would have been 13 or 14 at the time of the sexual contact, not 16. The third victim, Child Victim B, has not been located by authorities.

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

ICE SA Thomas F. Skalski reviewed the images recovered from Carr's camera. SA Skalski has over one year of experience in investigating crimes involving the sexual exploitation of minors and over twelve years of experience as an ICE Special Agent. Based on his experience and consultation with ICE agents with more experience in similar cases, SA Skalski believes that all three child victims were under the age of eighteen at the time of the offense. Carr admits that all three Child Victims were under the age of eighteen at the time of the offense.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 32, pursuant to USSG § 2G2.1(a);

b. A two-level enhancement because the offense involved the commission of a sexual act or sexual contact, pursuant to USSG § 2G2.1(b)(1).

c. A three-level enhancement based on the number of victims (3), pursuant to USSG §§ 2G2.1(d)(1); 3D1.4.

The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Agreement Regarding Sentencing Recommendation**. As part of this Plea Agreement, the government agrees to recommend a sentence within the advisory Guidelines range as determined by the Court at time of sentencing (or the statutory mandatory minimum, if greater than the Guidelines range). Additionally, all parties agree to recommend a term of supervised release of life. The parties acknowledge that this recommended sentence is not binding upon the Court.

11. **Agreement Regarding Restitution**. As part of this Plea Agreement, the defendant agrees to make full restitution to the victims of the defendant's offense conduct (as described in the Statement of Facts, herein), with an exact amount to be determined by the Court

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

at the sentencing hearing. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court. Defendant agrees and acknowledges that the Court is not limited to ordering restitution in an amount related to the Child Victim named in the specific count to which the Defendant is entering a plea of guilty. Defendant expressly understands that restitution may be awarded to all three Child Victims (Child Victim A, B, and C), whether or not specifically named in the Information.

12. **Forfeiture.** Defendant agrees to immediately forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a), all of his rights, titles, and interests in any and all property, real or personal, that was used, or was intended to be used, to commit or to promote the commission of the charged offenses, and any visual depictions, as described in Title 18, United States Code, Section 2252, that were produced, transported, mailed, shipped or received or possessed in violation of Chapter 110, United States Code, including, but not limited to, the following assets:

   a. Any and all images of child pornography, in whatever form and however stored, including but not limited to, those stored on zip disks, DVDs, and floppy diskettes;

   b. One (1) Generic Black and Silver desktop computer, seized on January 23, 2010 from the defendant's residence, located at 10425 SE 250th Place, #B101, Kent, Washington, 98030, and all memory devices contained therein;

   c. One (1) Canon PC1251 PowerShot A720 IS camera, seized on January 22, 2010 from the defendant's personal belongings in Phnom Penh, Cambodia;

13. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement and in exchange for Defendant's agreement to recommend a lifetime period of supervised release, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

**14. Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**15. Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement, and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Complaint that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements to its Sentencing Guidelines calculations to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded from doing so by the terms of the Plea Agreement.

**16. Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**17. Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter of guilty.

**18. Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

discovered by the United States Attorney's Office.

**19.   Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 27th day of July, 2010.

_____
CRAIG CARR
Defendant

_____
JEFFREY GRANT
Attorney for Defendant

_____
MATTHEW D. DIGGS
Assistant United States Attorney

_____
TESSA M. GORMAN
Assistant United States Attorney

PLEA AGREEMENT/CARR
Case No. CR10-222RAJ - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970