Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                                    Plaintiff,

v.

CRAIG T. CARR,

                                    Defendant.

NO. 10-0222 RAJ

**SUPPLEMENTAL SENTENCING
MEMORANDUM OF DEFENDANT
CRAIG T. CARR**

**HEARING DATE:
DECEMBER 10, 2010
1:30 P.M.**

## INTRODUCTION

Defendant Craig Carr respectfully objects to the proposed Special Condition of

Supervised Release that he be subjected to, and required to pay for, the plethysmograph

procedure. [1]

---

[1] This is the eighth listed special condition on the Sentencing Recommendation and (although unnumbered) the fifth listed "Special Conditions of Supervision" set forth on the proposed form of Judgment, both of which have been submitted by the United States Probation Office. Penile plethysmogprah testing "is a procedure that 'involves placing a pressure-sensitive device around a man's penis, presenting him with an array of sexually stimulating images, and determining his level of sexual attraction by measuring minute changes to his erectile responses." Jason R. Odeshoo, *Of Penology and Perversity:  The Use of Penile Plethysmograph on Convicted Child Sex Offenders*, 14 Temple Political& Civil Rights Law Review 1, 2 (2004).

SUPPLEMENTAL SENTENCING MEMORANDUM
OF DEFENDANT CRAIG T. CARR  PAGE  – 1

The particular procedure of this proposed Special Condition should be rejected because it is a deprivation of a significant liberty interest, is not particularly accurate or reliable, and has not been justified by any evidence in this case.

Ironically, this Special Condition will expose Mr. Carr to the very circumstances or stimuli that virtually every other Condition of his Supervised Release is trying to prevent from occurring.

**DISCUSSION**

The general rule, of course, is that conditions of Supervised Release "are permissible only if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003).

"When the government seeks to restrict a defendant's liberty through a term of supervised release, it shoulders the burden of proving that a particular condition of supervised release involves no greater deprivation of liberty than is reasonably necessary to serve the goals of supervised release." *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). Moreover, before mandating such a condition, the Court must make a specific finding "of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135, 112 S. Ct. 1810, 118 L. Ed. 2d 479 (1992).

It is also worth noting that specific proposed condition implicates a particularly significant liberty interest, one of only three that the Ninth Circuit has identified.[2] *United States v. Weber*, 451 F.3d at 559. When a Special Condition of Supervised Release implicates

---

[2] The other two conditions involved compelling a person to take antipsychotic medication (*United States v. Williams,* 356 F.3d 1045, 1055 (9th Cir. 2004)) and chemical castration prescribed against the will of the defendant (*United States v. Cope*, 506 F.3d 908, 919 (9th Cir. 2007)).

SUPPLEMENTAL SENTENCING MEMORANDUM
OF DEFENDANT CRAIG T. CARR  PAGE – 2

12414 00101 mm09bt32x0

a particularly significant liberty interest, unlike many other Conditions of Supervised Release, the Court "must support its decision on the record with record [sic] evidence that the condition of supervised release sought to be imposed is 'necessary to accomplish one or more of the factors listed in § 3583(d)(1)' and 'involves no greater deprivation of liberty than is reasonably necessary.'" *United States v. Weber*, 451 F.3d at 561 ((quoting *United States v. Williams,* 356 F.3d. 1045, 1057 (9th Cir. 2004)).[3]

Certainly, "the existence of non-physiological, less-intrusive alternatives to plethysmograph testing, including interviews, card-sorting, and Abel and polygraph testing, is, self-evidently, highly relevant to the question of whether plethysmograph testing 'involves no greater deprivation of liberty than is reasonably necessary' to serve the purposes of supervised release. *§ 3583(d)(2)*". *United States v. Weber*, 451 F.3d at 568.  In this case, there is no evidence relevant to either criteria.

It is also worth noting that the Special Condition in question is not particularly reliable or accurate.  As documented by the American Psychiatric Association, the "reliability and validity of this procedure in clinical assessment have not been well established".  *Diagnostic and Statistical Manual of Mental Disorders:  DSM-IV-TR* 567 (4th ed. 2000).  That is, the procedure does not necessarily perform as intended.

Finally, the proposed Special Condition should be rejected because it is counterproductive.  As noted, virtually all of the other Special Conditions are designed to

---

[3] Certainly, "the existence of non-physiological, less-intrusive alternatives to plethysmograph testing, including interviews, card-sorting, and Abel and polygraph testing, is, self-evidently, highly relevant to the question of whether plethysmograph testing 'involves no greater deprivation of liberty than is reasonably necessary' to serve the purposes of supervised release. *§ 3583(d)(2)*; *see also United States v. T.M.*, 330 F.3d at *1240*." *United States v. Weber*, 451 F.3d at 568.

SUPPLEMENTAL SENTENCING MEMORANDUM
OF DEFENDANT CRAIG T. CARR  PAGE  – 3

**Skellenger Bender, PS**
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

12414 00101 mm09bt32x0

minimize, if not prevent, Mr. Carr from being involved in certain activities.   The proposed Special Condition in question will result in the exact opposite set of circumstances.

It is respectfully requested, therefore, that this Court reject this proposed Special Condition of Supervised Release.

DATED THIS 9th day of December, 2010.

SKELLENGER BENDER, P.S.

By      s/ Jeffrey C. Grant
    Jeffrey C. Grant, WSBA #11046
    Attorneys for Defendant Craig T. Carr

SUPPLEMENTAL SENTENCING MEMORANDUM
OF DEFENDANT CRAIG T. CARR  PAGE  – 4

**Skellenger Bender, PS**
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

12414 00101 mm09bt32x0

**CERTIFICATE OF SERVICE**

I certify that on December 9, 2010 I electronically filed Defendant Craig T. Carr's Supplemental Sentencing Memorandum and this Certificate of Service with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Assistant United States Attorney Matthew D. Diggs.

By ____s/ Jule Sprenger_____
Jule Sprenger
Legal Assistant
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, WA 98101
Tel:  (206) 623-6501
Fax:  (206) 447-1973
Email:  jsprenger@skellengerbender.com

SUPPLEMENTAL SENTENCING MEMORANDUM
OF DEFENDANT CRAIG T. CARR  PAGE  – 5

12414 00101 mm09bt32x0